**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE SIZEMORE,** | : | **Case No. 1:23-cv-545** |
| | : | |
| and | : | **Judge** |
| | : | |
| **TYLER SIZEMORE,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | **PLAINTIFFS' COMPLAINT** |
| **ADT SOLAR, LLC,** | : | **AND JURY DEMAND** |
| | : | |
| and | : | |
| | : | |
| **KENT EMERICK** | : | |
| | : | |
| **Defendants.** | : | |

COMES NOW Plaintiffs George Sizemore and Tyler Sizemore, by and through their undersigned legal counsel, and for their Complaint against Defendants ADT Solar, LLC ("ADT Solar") and Kent Emerich, allege as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff George Sizemore is a resident of Ohio. He is a former employee of Defendant ADT Solar.

2. Plaintiff Tyler Sizemore is a resident of Ohio. He is a former employee of Defendant ADT Solar.

3. Defendant ADT Solar is a Louisiana limited liability company doing business in Ohio.

4. Defendant Kent Emerick is a manager for Defendant ADT Solar.

5. This Court has jurisdiction over Plaintiff's Complaint because they are asserting claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq* ("FLSA").

6.  The Court has supplemental jurisdiction over Plaintiffs' state law claims because they share a common nucleus of operative fact and arise out of the same transactions or occurrences as their federal claims.

7.  Venue in this Court is proper, as a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

8.  Defendant ADT Solar markets and installs residential solar panels.

9.  Defendant ADT Solar is an "employer" within the meaning of the FLSA; and Plaintiffs are "employees" within the meaning of the FLSA.

10.  Plaintiff George Sizemore was employed by Defendant from June to November 1, 2022.

11.  Plaintiff George Sizemore's regular rate of pay was $21 per hour, and he routinely worked in excess of 40 hours per workweek.

12.  Plaintiff Tyler Sizemore was employed from July to November 2022.

13.  Plaintiff Tyler Sizemore's regular rate of pay was $18 per hour, and he routinely worked in excess of 40 hours per workweek.

14.  At all relevant times, Plaintiffs reported to Defendant Emerick.

15.  Defendant Emerick is an "employer" within the meaning of the FLSA.

16.  During Plaintiffs' employment, Defendant Emerick would routinely manipulate timesheet data to show that Plaintiffs worked less hours than they did.

17.  As a result of Defendants' actions, Plaintiffs were not paid for all overtime hours worked.

18.  When Plaintiff George Sizemore complained about Defendant Emerick's manipulation of timesheet data, he was terminated from his employment.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### Failure To Pay Overtime

19. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as if fully restated herein.

20. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

21. Defendants often suffered and permitted Plaintiffs to work more than forty (40) hours in a workweek without paying the full overtime compensation.

22. Upon information and belief,

23. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

24. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA.

25. As a direct and proximate result of Defendants' unlawful action, Plaintiffs suffered damages, including, but not limited to unpaid wages, liquidated damages, costs, and attorneys' fees.

### Count II: Violation of Ohio Rev. Code § 4113.15
### (As to Defendant ADT Solar)

26. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as if fully restated herein.

27. Ohio Rev. Code § 4113.15 requires that every employer doing business in Ohio shall pay employees all wages earned by them on a biweekly basis.

28. Because Defendant failed to properly compensate Plaintiffs for their true overtime hours worked, Defendant ADT Solar failed to pay Plaintiffs all wages earned by them.

29. As a result of Defendant ADT Solar's unlawful actions, Plaintiffs have suffered harm in the form of lost wages and statutory liquidated damages.

### Count III: Termination in Retaliation for the Exercise of Rights
### (By Plaintiff George Sizemore)

30. Plaintiff George Sizemore incorporates by reference the preceding paragraphs as if fully restated herein, and further alleges that the decision to terminate him was based on: (1) his complaints about Defendant's manager's illegal manipulation of time sheets and failure to pay all overtime compensation earned; and/or (2) Defendant's belief that Plaintiff intended to file a proceeding or testify in a proceeding regarding Defendant's illegal pay practices.

31. Defendant's termination of Plaintiff George Sizemore was in retaliation for his exercise of his rights under the FLSA, specifically in violation of §215(a)(3) of the same.

32. As a result of Defendant's unlawful actions, Plaintiff has suffered and will suffer damages, including but not limited to lost wages, liquidated damages, emotional distress, mental anguish, attorneys' fees, and costs.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

A. Judgment that Plaintiffs are non-exempt employees entitled to protection under the FLSA;

B. Judgment that Defendant retaliated against Plaintiff George Sizemore for the exercise of his rights under the FLSA;

C. Judgment against Defendant for violating the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E.  An award to Plaintiffs for the amount of unpaid wages owed and liquidated damages under federal law;

F.  An award of post-judgment interest;

G.  An award of reasonable attorneys' fees and costs;

H.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

> /s/ Matthew S. Okiishi
> _____
> Matthew S. Okiishi (0096706)
> Finney Law Firm, LLC
> 4270 Ivy Pointe Blvd., Suite 225
> Cincinnati, OH 45245
> (513) 943-6659
> (513) 943-6669-fax
> matt@finneylawfirm.com
> *Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

> /s/ Matthew S. Okiishi
> _____
> Matthew S. Okiishi (0096706)