**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **GEORGE SIZEMORE, et al.**, <br><br> Plaintiff, <br><br> v. <br><br> **ADT Solar, LLC, et al.**, <br><br> Defendants. | CASE NO. 1:23-cv-00545 <br><br> JUDGE MICHAEL R. BARRETT <br><br> MAGISTRATE JUDGE STEPHANIE K. BOWMAN <br><br> **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE** |

Plaintiffs George Sizemore and Tyler Sizemore (together "Plaintiffs") and Defendants ADT Solar, LLC ("ADT Solar") and Kent Emerick ("Emerick") (collectively "Defendants") respectfully move this Court to approve the settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and General Release of Claims (the Settlement). The Settlement seeks to finally resolve this matter with Court approval of Settlement and dismissal of all claims with prejudice.

The parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement payments to Plaintiffs.

The settlement documents submitted for approval by the Court consist of the following:

    **Exhibit A:**    Joint Stipulation of Settlement and General Release of Claims;

    **Exhibit B:**    Proposed Order Approving Settlement and Release; and

    **Exhibit C:**    Declaration of Matthew S. Okiishi.

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

1

**I.     THE ACTION**

Plaintiffs both previously worked as Installers for ADT Solar, George Sizemore from approximately May 30, 2022, through October 31, 2022, and Tyler Sizemore from approximately July 11, 2022, through October 31, 2022. Emerick was employed by ADT Solar and was Plaintiffs' manager. On August 30, 2023, Plaintiffs filed their Complaint against ADT Solar and Emerick asserting overtime violations of the FLSA, as well as Ohio Revised Code §4113.15 (OPPA), and retaliation (against George Sizemore) for exercising his rights under the FLSA (the Action). With respect to their overtime claim, Plaintiffs alleged that ADT Solar Defendants failed to pay them overtime compensation for all hours worked over 40 in a workweek.

Defendants filed their Answer to the Complaint on October 31, 2023. Defendants denied and continue to deny all liability and wrongdoing of any kind.

**II.     THE NEGOTIATIONS**

The Parties assessed the other's legal and factual positions, the evidence produced, and defenses. Most significantly, Plaintiffs' counsel reviewed and informally produced GPS records reflecting the time Plaintiffs were purportedly "on the job" relative to the hours for which they were compensated. Plaintiffs' Counsel used this data to create a damages model.[1] The parties thereafter reached an agreement as to settlement terms. Notwithstanding their agreement, the Parties have differed, and continue to differ, on the merits and defenses of Plaintiffs' claims. The terms of the Parties' settlement are encompassed in the Settlement Agreement.

**III.     THE SETTLEMENT TERMS**

The Settlement Agreement provides for individual payments to each Plaintiff, and the payment of attorneys' fees and ligation costs. If approved by the Court, the Settlement will resolve

---

[1] Okiishi Decl. at ¶ 5.

all issues between Plaintiffs and Defendants in this Action and as outlined in the Agreement. If approved, the Parties have agreed that the Action will be dismissed with prejudice, with this Court retaining jurisdiction over performance of settlement, including the payments as outlined in their Agreement.

## IV. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to Section 16 of the FLSA. As explained below, Court approval is warranted.

### A. The Settlement Is a Fair Resolution of a Bona Fide Dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness."[2]

The payments to Plaintiffs are fair, reasonable, and adequate given that bona fide disputes exist between the Parties, including whether Plaintiffs in fact work the overtime work they alleged, and whether Plaintiffs are entitled to any payments including liquidated damages. Based on the GPS data evaluated, the Settlement results in payments to Plaintiffs equal to at least 100 percent of estimated unpaid overtime as calculated by Plaintiffs' Counsel.[3]

Courts also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[4] Here, there remain considerable disputes concerning allegations of hours worked, wages paid, the reasons for George Sizemore's termination, and affirmative defenses. There was no guarantee that either party would prevail, nor

---

[2] *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).
[3] Okiishi Decl. at ¶ 7.
[4] *Cashiola v. Risha*, No. 5:19-cv-922, 2019 U.S. Dist. LEXIS 209976, at *3-4 (N.D. Ohio Dec. 5, 2019) (further citation omitted).

that Plaintiffs would be able to prove their estimated unpaid worktime, liquidated damages, or OPPA damages, or that George Sizemore would be able to prove that his termination was in fact retaliatory. Accordingly, settlement was the result of arms-length negotiations between parties that were represented by able counsel.[5]

Settlement saves the Parties substantial time and expense. For example, if litigation proceeded, Plaintiffs would have to serve written discovery on two named Defendants and respond to discovery themselves. They may have to conduct Rule 30(b)(6) depositions and other fact-witness depositions, and would have likely been deposed themselves. While the matter of unpaid overtime for two individuals is not inherently complex standing alone, the facts of this case warranted such discovery given Plaintiffs' allegations and estimates and Defendants' defenses. Accordingly, the factors considered by the Court are satisfied.[6]

### B. The Court Should Approve the Requested Attorney's Fees and Costs.

Finally, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable.[7] Settlement provides for the reasonable payment of attorneys' fees and ligation costs. Plaintiff's counsel invested time analyzing documents, communicating with Plaintiffs, conferring with opposing counsel, and pressing the matter towards resolution rather than costly trial.[8]

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the

---

[5] Okiishi Decl. at ¶ 9.
[6] *Id*. at ¶ 9.
[7] *Cashiola*, 2019 U.S. Dist. LEXIS 209976, at *4 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).
[8] Okiishi Decl. at ¶ 6.

4

action."[9] In *Fegley v. Higgins*,[10] the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."[11]

Plaintiffs' counsel took this case on a contingency basis only. As such, counsel has not been compensated for any time or expenses since the litigation began, but was prepared to invest time and resources with the possibility of an unsuccessful outcome and no fee of any kind. Expenses at the time of settlement were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiff's claims. Costs incurred were nominal, considering the potential costs that Plaintiffs would have incurred had we proceeded with discovery and trial.[12]

As outlined in the Declaration of Mr. Okiishi, the request for fees is reasonable. Defendants agree to the payment of attorneys' fees and costs, and join this Motion for settlement approval, so therefore do not oppose the requests fees and costs.[13] Accordingly, reasonable attorneys' fees and costs should be approved as provide in the Settlement Agreement.

V.     CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release.

---

[9] 29 U.S.C. § 216(b).
[10] 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994).
[11] *Id.* at 1134–35 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).
[12] Okiishi Decl. at ¶ 8.
[13] Okiishi Decl. at ¶ 8.

Respectfully submitted,

| | |
|---|---|
| */s/Matthew S. Okiishi* <br> Matthew S. Okiishi (0096706) <br> **Finney Law Firm, LLC** <br> 5270 Ivy Pointe Boulevard, Suite 225 <br> Cincinnati, OH 45245 <br> (513) 943-6659 <br> (513) 943-6669(Fax) <br> matt@finneylawfirm.com <br><br> *Attorneys for Plaintiffs George Sizemore and Tyler Sizemore* | */s/Monica L. Lacks* <br> Rebecca J. Bennett (0069566) <br> Monica L. Lacks (0078649) <br> **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.** <br> Key Tower <br> 127 Public Square, Suite 4100 <br> Cleveland, OH 44114 <br> 216-241-6100 <br> 216-357-4733 (FAX) <br> Email: <br> rebecca.bennett@ogletree.com <br> monica.lacks@ogletree.com <br><br> *Attorneys for Defendants ADT Solar, LLC and Kent Emerick* |

## CERTIFICATE OF SERVICE

I certify that on May 15, 2024, I electronically filed a copy of the foregoing. The Court's electronic filing system will send notice of this filing to all parties, who may access this filing through the Court's system.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi

*Attorney for Plaintiffs George Sizemore and Tyler Sizemore*